UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| EARL THOMPSON, | : |
| | : |
| plaintiff, | : |
| | : |
| V. | : CASE NO. 3:19-CV-01879(VLB) |
| | : |
| CONNECTICUT | : |
| LEGLISLATIVE LAW | : |
| REVISION COMMISSION | : |
| ET AL, | : |
| | : |
| defendants. | : |

RECOMMENDED RULING

Plaintiff, Earl Thompson, brings this action against the Connecticut Legislative Law Revision Commission [sic] (hereinafter "Commission"), members of the State House of Representatives, members of the State Senate, Connecticut Attorney General Blumenthal and successors, Justices of the Connecticut Supreme Court, the Chief Public Defender and Successors and Services Commission.  Plaintiff alleges that defendants enacted and then failed to remove Connecticut House Bill No. 5554 governing Habeas Corpus Business in Connecticut. (Dkt. #1 at 5-6 and 11.)  He alleges that the House Bill limits "all Habeas Corpus business into G.A. 19 known as Rockville Superior Court" thereby causing him to suffer years of delay. (Dkt. #1 at 5).  He alleges the defendants have violated Article I, Section 9, clause 2 of the U.S. Constitution and the Connecticut Constitution. (Dkt. #1 at 5).

1

Plaintiff further alleges that the Justices of the Connecticut Supreme Court and the Chief Public Defender and the Successors and Services Commission failed to challenge the law as an unconstitutional violation of his due process rights. (Dkt. #1 at 6.)

Plaintiff also alleges that post-conviction representation is subject to attorneys who are under state contract and who are involved in other areas of law and have little or no experience with post-conviction law or procedure. (Dkt. #1 at 6).

Based on the financial information submitted, plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 was granted by Honorable William I. Garfinkel on December 30, 2019.  (Dkt. #9).  Thereafter, on May 19, 2020, the Honorable Vanessa L. Bryant referred this matter to the undersigned for an initial review of the complaint pursuant to 28 U.S.C. § 1915.  (Dkt. #11).  The undersigned recommends that the action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B).

I. Legal Standard

28 U.S.C. § 1915, which governs *in forma pauperis* status, allows the court to review and dismiss the underlying action, if necessary.  Under subsection (e) a court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Under 1915(e), an action is frivolous, "if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quoting Neitzke, 490 U.S. at 327). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325. An action fails to state a claim to relief if it lacks

> sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . The plausibility standard is not akin to the probability that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

Because "most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [the court] must construe *pro se* complaints liberally." Lerman v. Bd. of Elections, 232 F.3d 135, 140 (2d Cir. 2000). Therefore, *pro se* complaints "are held to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980)( internal citation and quotation marks omitted). "In evaluating [a

plaintiff's] complaint, [the court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in [the plaintiff's] favor." Cruz v. Gomez, 202 F.3d 593, 596-97 (2d Cir. 2000).

## II. Discussion

### A. Claims against the Commission, State Representatives, and State Senators

Plaintiff alleges that the Commission, members of the State House of Representatives, members of the State Senate, Attorney General Blumenthal[1] and his successors, enacted a House Bill which governs habeas corpus business in Connecticut. (Dkt. #1 at 5.)  Plaintiff asserts that the Bill limits all habeas corpus business into Rockville Superior Court, thereby limiting the number of judges reviewing habeas corpus claims and causing a delay in due process. (Dkt. #1 at 5-6.)  Regardless of the merits, plaintiff's claims against the Commission, members of the State House of Representatives, and State Senators are barred by legislative immunity.

"It is well established that federal, state, and regional legislators are entitled to absolute immunity from civil liability for their legislative activities." Bogan v. Scott-Harris, 523 U.S. 44, 46 (1998).  Immunity extends to state

---

[1] United States Senator Richard Blumenthal is the former Attorney General of the State of Connecticut.  William Tong is the current Attorney General of Connecticut.  As discussed later, the Court will assume plaintiff meant to name Attorney William Tong as a defendant.

4

executive branch officials when they perform a legislative function. Id. at 55. "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." Id. at 54. "Any activity that is in the sphere of legitimate legislative activity is a legislative act." Abbey v. Rowland, 359 F. Supp. 2d 94, 99 (D. Conn. 2005)(citing Bogan, 523 U.S. at 55).

There can be no activity more related to legislative function than proposing and enacting legislation. The Commission, members of Connecticut House of Representatives, and State Senators were acting in the sphere of legitimate legislative activity when they enacted Conn. Gen. Stat. §52-470 and Public Act 12-115 via Connecticut House Bill No. 5554. As a result, they are entitled to legislative immunity and plaintiff's claims against them should be dismissed.

    B. Claims against Connecticut Supreme Court Justices

Plaintiff asserts that the justices of the Connecticut Supreme Court should have rejected the Connecticut Legislature's attempt to enact the House Bill and / or should have invalidated the legislation after it was enacted. (Dkt #1, at 6). Plaintiff alleges that the Connecticut Supreme Court's failure to take such action caused a denial of his due process rights. (Dkt. #1 at 6).

Although plaintiff seeks declaratory and injunctive relief, (Dkt. #1 at 11), his claims are barred by the text of 42 U.S.C. §1983. Section 1983 provides that in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. §1983. Plaintiff does not allege that any justice of the Connecticut Supreme Court or any judge of the Connecticut Superior Court violated a declaratory decree or that such relief is unavailable.[2] Thus, plaintiff's claims for injunctive relief are barred by §1983 and should be dismissed. Cinotti v. Adelman, 709 Fed. Appx. 39, 41 (2d Cir. 2017).

Plaintiff's claims for declaratory relief are similarly barred as §1983 only provides for prospective declaratory relief. Heinfling v. Tolub, No. 99-7351, 199 F.3d 1322 (2d Cir. Oct. 27, 1999); see also Deem v. DiMella-Deem, No. 18-CV-11889 (KMK), 2018 U.S. Dist. LEXIS 124672, at *8 n.4 (S.D.N.Y. July 24, 2018)("The amendment to §1983, allowing for injunctive relief against a judge only if a state-court declaratory decree

---

[2]Although the complaint names the "Connecticut Supreme Court Justices" as defendants (Dkt. #1 at 1 and 3), the complaint, at times, appears to suggest that it is intended to include Superior Court judges as well. See Dkt. #1 at 3 ("Supreme Judicial Court Justices and or Magistrates"); Dkt. #1 at 5-6. Assuming plaintiff intended to include Superior Court judges, the same reasoning applies to those individuals as well.

was violated or state-court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive and declaratory relief against Judge Gordon-Oliver."). Plaintiff has failed to allege any involvement by any justice of the Connecticut Supreme Court or any judge of the Connecticut Superior Court in the enactment or enforcement of Conn. Gen. Stat. §52-470 or Public Act 12-115. In fact, plaintiff asserts that House Bill 5554 has limited the role of the Connecticut judiciary and has delayed his habeas actions in violation of his rights. (Dkt. #1 at 5-6). Since plaintiff cannot demonstrate that any member of the Connecticut judiciary is involved in an ongoing violation of his constitutional rights, any claim for prospective declaratory relief is similarly barred. <u>Heinfling</u>, 199 F.3d 1322 ("Mr. Heinfling is no longer before Judge Tolub, and his claim for prospective declaratory relief regarding any future violation is now moot, as there is neither any alleged ongoing deprivation of Heinfling's constitutional rights, nor an allegation that such a deprivation is imminent.")

All claims against the Connecticut judiciary, including the Supreme Court Justices, should be dismissed as plaintiff's claims are barred by 42 U.S.C. §1983.

 C. <u>Claims against the Chief Public Defender and Successors and Services Commission.</u>

Plaintiff alleges ineffective assistance of counsel by the Chief Public Defender and the Successors and Services Commission

7

for allowing constitutional violations to occur since the enactment of Connecticut House Bill No. 5554. (Dkt. #1 at 6 at ¶2 and 9).

"To succeed on a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. Braun, No. 10-CR-433 (KAM), 2019 WL 7049987, at *4 (E.D.N.Y. Dec. 23, 2019)(quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

Plaintiff alleges that several of the lawyers who represented him in connection with his habeas actions were derelict in their duties. (Dkt. #1 at 9-10).  However, the complaint also specifically informs the Court that plaintiff has filed other cases in Connecticut Superior Court, including Docket No. TSR-CV-17-4008894, which is still pending.  (Dkt. #1 at 10).  The Court takes judicial notice of the fact that Earl Thompson v. Commissioner of Correction, TSR-CV-17-4008894 is a habeas action which is still pending in Connecticut Superior Court.  As a result, plaintiff's claim for ineffective assistance is barred by the Younger abstention doctrine.  See Younger v. Harris, 401 U.S. 37, 43-44 (1971).

8

The Younger abstention doctrine "requires federal courts to abstain from exercising jurisdiction over claims that implicate ongoing state proceedings." Torres v. Gaines, 130 F. Supp. 3d 630, 635 (D. Conn. 2015)(Bryant, J.).  The doctrine "applies if the federal action involves ongoing: (1) 'state criminal prosecutions'; (2) 'civil proceedings that are akin to criminal prosecutions'; or (3) civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'  Torres, 130 F. Supp. 3d at 636 (quoting Sprint Comm'ns, Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013)).  In this instance, the federal action involves an ongoing civil proceeding that implicates the state's interest in enforcing the orders and judgments of its courts.

"Younger abstention is mandatory when three conditions are met: '(1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims.'" Zahl v. Kosovsky, No. 08 CIV. 8308 LTS THK, 2011 WL 779784, at *8 (S.D.N.Y. Mar. 3, 2011)(quoting Spargo v. NY State Commission on Judicial Conduct, 351 F.3d 65, 75 (2d. Cir. 2003), aff'd, 471 F. App'x 34 (2d Cir. 2012).

Applying these three factors, plaintiff's complaint makes clear that there is a pending state habeas action -- Earl

9

Thompson v. Commissioner of Correction, TSR-CV-17-4008894. (Dkt. #1 at 10). Second, the habeas action implicates an important state interest. *See* Younger v. Harris, 401 U.S. at 43-44; Hansel v. Town Court for Town of Springfield, NY, 56 F.3d 391, 393 (2d. Cir. 1995)("[I]t is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one."). Third, the state court habeas action, which plaintiff initiated, affords him an adequate opportunity for judicial review of his constitutional claims. *See* Hansel, 56 F.3d at 394 (2d Cir. 1995)("So long as a plaintiff is not barred on procedural or technical grounds from raising alleged constitutional infirmities, it cannot be said that state court review of constitutional claims is inadequate for Younger purposes."); Cullen v. Fliegner, 18 F.3d 96, 103 (2d Cir. 1994)("ordinarily a state proceeding provides an adequate forum for the vindication of federal constitutional rights.").

Plaintiff asks the court to order a temporary injunction on habeas corpus business in Rockville Superior Court[3] and to "[o]rder a Temporary Injunction preventing the appointment of Attorneys under State Contract." (Dkt. #1 at 11). "In *Younger v. Harris*, the Supreme Court reminded lower federal courts that

---

[3] After the habeas action in state court has concluded and plaintiff has exhausted his appeals and/or other state court collateral proceedings, he may then seek federal habeas relief pursuant to 28 U.S.C. §2254.

10

it had 'repeat[ed] time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.'" Zahl, 2011 WL 779784, at *8 (S.D.N.Y 2011)(quoting Younger v. Harris, 401 U.S. 37, 45 (1971).

> Younger generally prohibits courts from "taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings" so as to avoid unnecessary friction. Giving states "the first opportunity . . . to correct their own mistakes" when there is an ongoing state proceeding serves the vital purpose of "reaffirm[ing] the competence of the state courts," and acknowledging the dignity of states as co-equal sovereigns in our federal system.

Spargo, 351 F.3d 65, 75 (2d Cir. 2003)(quoting Diamond "D" Constr. v. McGowan, 282 F.3d 191, 198 and 200 (2d Cir. 2002)).

More generally, plaintiff alleges that the Chief Public Defender and the Successors and Services Commission allowed constitutional violations to occur since the enactment of Connecticut House Bill No. 5554.

"One who seeks to initiate or continue proceedings in federal court must demonstrate, among other requirements, both standing to obtain the relief requested, . . . and, in addition, an 'ongoing interest in the dispute' on the part of the opposing party that is sufficient to establish 'concrete adverseness.'" Bond v. United States, 564 U.S. 211, 217 (2011)(quoting Camreta v. Greene, 563 U.S. 692, 701 (2011) (internal quotation marks omitted)) (internal citation omitted). A "plaintiff generally

11

must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975).

"Individuals have 'no standing to complain simply that their Government is violating the law.'" Bond, 564 U.S. at 225 (quoting Allen v. Wright, 468 U.S. 737, 755 (1984) overruled on other grounds in Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S.Ct. 1377 (2014)). "If, in connection with the claim being asserted, a litigant who commences suit fails to show actual or imminent harm that is concrete and particular, fairly traceable to the conduct complained of, and likely to be redressed by a favorable decision, the Federal Judiciary cannot hear the claim." Bond, 564 U.S. at 225. "The requirement of standing. . . has a core component derived directly from the Constitution.  A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Id.

The Chief Public Defender and the Successors and Services Commission cannot vicariously challenge state law in the interest of justice.  As with all claims, a plaintiff who was harmed must be named and be part of the suit.  Contrary to plaintiff's assertion, the Chief Public Defender and the Successors and Services Commission are not permitted to

"complain simply that their Government is violating the law." Bond, 564 U.S. at 225. As such, absent additional allegations, plaintiff's claims against the Chief Public Defender and the Successors and Services Commission should be dismissed.

> D. Claims against Connecticut Attorney General Blumenthal and successors

Plaintiff alleges that the enactment of Connecticut House Bill No. 5554 violated his due process rights by limiting the number of judicial officers who can handle habeas corpus claims. (Dkt. #1 at 6.) Plaintiff names former Connecticut Attorney General Richard Blumenthal as a defendant.[4] (Dkt. #1 at 1.) The Court will construe the complaint in the light most favorable to the plaintiff and assume that plaintiff is addressing his complaint to the current Connecticut Attorney General William Tong.[5]

As noted above, plaintiff asserts that Connecticut House Bill No. 5554 violates his due process rights because "only limited Justices are assigned to review Habeas Active Writs and

---

[4] Senator Blumenthal served as the Attorney General for the State of Connecticut through 2011.
[5] The *Ex Parte Young* doctrine requires that "the state officer against whom a suit is brought 'must have some connection with the enforcement of the act' that is in continued violation of federal law. . . . So long as there is such a connection, it is not necessary that the officer's enforcement duties be noted in the act." Dairy Mart Convenience Stores, Inc. v. Nicke, 411 F.3d 367, 372-373 (2d Cir. 2005)(internal citations omitted). The Court does not examine whether the Eleventh Amendment bars plaintiff's claims against Connecticut Attorney General William Tong because the Court has determined plaintiff's claims are frivolous and should be dismissed.

13

Legal Presentations and Trial Arguments in G.A. 19, Rockville Superior Court. . . ."  (Dkt. #1 at 6.)  Plaintiff alleges that as a result, he has suffered ten years of delay. (Dkt. #1 at 6.)

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actor and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest.  See Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010).

The United States Supreme Court has established a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints.  A complaint must allege enough facts — as distinct from legal conclusions — that give rise to plausible grounds for relief.  See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Notwithstanding the rule that a *pro se* complaint must be liberally construed, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic

14

plausibility standard. See, e.g., Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387 (2d Cir. 2015).

"[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481 (1972). United States Supreme Court decisions

> Indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

While plaintiff challenges House Bill No. 5554 and Conn. Gen. Stat. § 52-470, any challenges to the proposed amendments are moot as the final amendments that were adopted were codified in Public Act 12-115. Construing plaintiff's claims as asserting that Public Act 12-115 is unconstitutional, the Court must dismiss the claims as frivolous. Construed liberally, plaintiff's complaint asserts that Public Act 12-115 limits the number of judges who may preside over habeas corpus claims "by limiting all habeas corpus business into G.A. 19, . . . .Rockville Superior Court," thereby delaying the judicial process and thus violating plaintiff's due process rights. (Dkt. #1, at 5.)

15

Public Act 12-115(g) requires the appellant in a habeas corpus proceeding "petition[] the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator."  Construing plaintiff's complaint liberally, plaintiff asserts that this provision caused a ten-year delay in his habeas corpus claim.  (Dkt. #1, at 6.)  However, plaintiff does not allege any facts or provide any explanation as to how or why this provision caused a ten-year delay or what the ten-year delay entailed.  Plaintiff merely states he suffered harm caused by Public Act 12-115(g).  Such a conclusory allegation is insufficient to meet the plausibility standard.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  As such, plaintiff's claims against Connecticut Attorney General William Tong must be dismissed.

III. Conclusion

For these foregoing reasons the undersigned recommends that plaintiff's complaint be dismissed as against the Connecticut Legislative Law Revision Commission [sic], members of the State Senate, members of the State House of Representatives, and Justices of the Connecticut Supreme Court insofar as plaintiff's claims are barred by legislative and judicial immunity.  Similarly, plaintiff's claims against Connecticut Attorney General William Tong and the Chief Public Defender and Successors and Service Commission should be dismissed for

failing to allege enough facts — as distinct from legal conclusions — to give rise to plausible grounds for relief. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Any party may seek the district court's review of this recommendation.  *See* 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rules for Magistrate Judges; Thomas v. Arn, 474 U.S. 140, 155 (1985).  Failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling.  Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).

  Dated this 16th day of September, 2020 at Hartford, Connecticut.


                              _____/s/_____
                               Robert A. Richardson
                               United States Magistrate Judge